**In re Kevin ADELL, Debtor.**

**No. 9:03–BK–23684.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Feb. 14, 2006.

Ralph E. McDowell, Bodman, Longley & Dahling, LLP, Detroit, MI, Barbara A. Hart, Ruden McClosky, St. Petersburg, FL, Asher Rabinowitz, Ruden McClosky, Dawn A. Carapella, Trenam, Kemker, Scharf, Barkin, et al, Roberta A. Colton, Tampa, FL, for Debtor.

Diane L. Jensen, Attorney for Trustee, Fort Myers, FL, for trustee.

T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for U.S. Trustee.

### ORDER REAFFIRMING ORDER ON MOTION TO DISMISS

(Doc. No. 785)

ALEXANDER L. PASKAY, Bankruptcy Judge.

IN THIS Chapter 7 liquidation case of Kevin R. Adell, the matter under consider-

ation is Debtor's Emergency Motion for Reconsideration filed by Kevin R. Adell (the Debtor) (Doc. No. 785). The Motion is addressed to the Order on Motion to Dismiss entered by this Court on October 4, 2005 (Doc. No. 784) dismissing the Debtor's Chapter 7 case. The matter was duly scheduled for a final evidentiary hearing at which time this Court heard argument of counsel for the respective parties, considered the relevant portions of the record, including exhibits submitted and witness testimony, and based on the same, now makes its conclusions as follows.

It should be stated at the outset that this Court is fully familiar with the extensive history of the litigation between the parties and the history of this Chapter 7 case, which was originally filed as a Chapter 11 and in which there has been hard-fought litigation between the Debtor and JRH. In fact, the record reveals that there are 857 document entries in this case over the past 2 years. Based on the same, there is no need for this Court to reiterate the history of this case extensively.

On November 14, 2003, the Debtor filed his voluntary Petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Middle District of Florida. John Richards Homes Building Company, L.L.C. (JRH) first challenged the Debtor's Petition for relief on February 10, 2004, when JRH filed its Motion to Dismiss Chapter 11 case (Doc. No. 145). On February 19, 2004, JRH filed its Amended Motion to Dismiss (Doc. No. 153). JRH alleged, in both Motions, that the Petition of the Debtor was filed in bad faith, and therefore the Chapter 11 case should be dismissed for cause. On May 28, 2004, this Court entered an Order Denying Motion to Dismiss Case. (Doc. No. 287).

On June 7, 2004, JRH and the Debtor filed Motions for Reconsideration of the Order Denying Motion to Dismiss. (Doc. Nos. 295 & 296). Both Motions for Reconsideration were denied on June 9, 2004. (Doc. Nos. 299 & 300). On June 15, 2004, the Debtor filed his Notice of Appeal from the Order Denying Motion for Reconsideration (Doc. No. 304) in which he appealed the factual findings by this Court in the evidentiary hearing held on May 28, 2004. On June 25, 2004, JRH filed its Notice of Cross Appeal of Order on Motion to Dismiss and Order Denying Rehearing or Reconsideration (Doc. No. 311). On May 11, 2005 the District Court for the Middle District of Florida (District Court) entered an Order in the Dismissal Appeal in which it reversed this Court's decision on the Motion to Dismiss. On June 21, 2005, the District Court entered an Order denying the Debtor's Motion for Rehearing. On May 12, 2005, the Debtor filed his Notice of Voluntary Conversion of Case to Chapter 7 (Doc. No. 607). On May 17, 2005, this Court entered an Order Converting Case to Chapter 7 (Doc. No. 615).

On July 22, 2005, JRH filed another Motion to Dismiss Case, this time alleging the Petition was filed in bad faith pursuant to 11 U.S.C. § 707 (Doc. No. 677). The Motion was heard on August 18, 2005. On October 4, 2005, this Court entered its Order Granting Motion to Dismiss (Doc. No. 784) wherein it dismissed the Debtor's Chapter 7 case. On October 5, 2005, the Debtor filed his Emergency Motion for Reconsideration and Stay Pending Reconsideration or Appeal (Doc. No. 785). On October 25, 2005, this Court entered its Order Granting Motion for Reconsideration and Stay Pending Appeal (the Motion for Reconsideration) and scheduled a final evidentiary hearing to allow the Debtor to present evidence in opposition of the Motion to Dismiss (Doc. No. 799).

In its Order on the Motion for Reconsideration, this Court held that the policy

aims of any Chapter 7 bankruptcy case, as designed under the Reform Act of 1978, were: (1) to provide honest but unfortunate debtors, to have a fresh start in life through discharge, and (2) to assure an equitable distribution of the liquidation proceeds to the general unsecured creditors of the Debtor. The Court emphasized in its decision, that the above-mentioned goals were critical to determine whether "cause" exists for dismissal of the Debtor's Chapter 7 case under 11 U.S.C. § 707(a). The Court limited the issues for trial to: (a) whether the goal of affording the Debtor a fresh start can be accomplished if the Motion to Dismiss is denied and the case is administered as a Chapter 7 or, in the alternative, (b) whether there are assets available for liquidation which would permit distribution to unsecured creditors. Thus, in order to assure an equal distribution to unsecured creditors it is essential to keep the case in Chapter 7.

The Debtor, in his Emergency Motion for Reconsideration, contends this Court erred in concluding that the Debtor cannot obtain a discharge, prejudging the Debtor's discharge which is the subject of a pending adversary proceeding. In addition, the Debtor urges this Court's conclusion that a discharge is a prerequisite for filing a Chapter 7 Petition is incorrect as a matter of law. Because the Debtor in his Motion raised some factual matters, this Court scheduled a final evidentiary hearing at which time the following was established.

■ Before discussing the relevant part of the factual matters of this Motion, it should be noted at the outset the principles that govern a motion for reconsideration or rehearing, which are as follows:

(1) newly discovered evidence that could not have been discovered prior to the court's original order; or

(2) egregious legal error by the court.

■ As this Court has noted in the past, the motion for rehearing was never designed to be a substitute for an appeal. Considering the contentions of the Debtor as pled, it is well established that if the correctness of this Court's conclusion is subject to legitimate debate, it cannot be contended that this Court committed egregious legal error on which there is no substantial disagreement.

■ Considering first the Debtor's contention that this Court erred in prejudging the Debtor's right of discharge, this Court is satisfied that the authorities cited by the Debtor in support of this proposition furnish scant, if any support for the proposition urged by the Debtor. While it is true that the currently pending Complaint, which challenged the Debtor's right to a general discharge and the dischargeability of the debt owed to JRH were never tried, the essential facts needed to sustain an objection to the Debtor's right to a discharge have been adequately established with the specific findings of the United States Bankruptcy Court for the Eastern District of Michigan (the Bankruptcy Court) and also by the United States District Court of the Eastern District of Michigan (the District Court). It would be improper for this Court to disregard and ignore the findings of these Courts, which determined the following.

It is without dispute, that once the Bankruptcy Court entered its judgment order against the Debtor on April 25, 2003, in the amount of $6,413,231.68, the Debtor on May 5, 2003:(1) sold several antique automobiles, of which he realized $536,000; (2) withdrew the sum of $300,000 from his account at Standard Federal Bank; and (3) cashed in $1.7 million in United States Treasury bills all to purchase a $2.8 million home in Naples, Florida. Thus, the factual findings of the Bankruptcy Court leaves

no doubt that the Debtor's conversion of nonexempt assets into his exempt homestead was for no other reason than to prevent JRH from reaching the nonexempt assets to satisfy the judgment.

■ In addition, the proposition that the Debtor filed his involuntary case in good faith is of no consequence for the following reasons: first, because that issue had conclusively been determined by the Bankruptcy Court and also by the District Court, and secondly, the issue of intent to file a involuntary petition is not involved here but, relates to the intent and the motivation of the Debtor to convert his nonexempt assets to exempt assets. Thus, on the facts as presented in this case, notwithstanding this Court has stated the same in the past, the record is abundantly clear that the Debtor in attempt to protect his assets converted his nonexempt property into exempt homestead property for the sole purpose of preventing JRH from reaching his homestead.

■ Furthermore, the Debtor misinterprets the nature of the intent required for a viable claim pursuant to 11 U.S.C. § 727(a)(2). For denial of a discharge, the intent required for a viable claim pursuant to Section 727(a)(2) involves the intent to "hinder, delay or defraud a creditor," and, it is not the intent to harm, which is the requirement for a plausible claim pursuant to 11 U.S.C. § 523(a)(6). *Kawaaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *In re Tomlinson*, 220 B.R. 134 (Bankr.M.D.Fla.1998). Thus, in view of the fact that the decision of this Court is based on the application of Sec-

tion 727(a)(2) and not that of Section 523(a)(6), the cases cited by the Debtor are in opposition and furnish no support for the Debtor's contention.

Likewise, the Debtor misconceives this Court's Order by stating that this Court erred in concluding that a discharge is a prerequisite for filing a Chapter 7 Petition. What this Court held was nothing more or less than stating that one of the primary policy aims of a Chapter 7 case is to provide the debtor with a fresh start and a discharge.

In consideration of the second purpose of the primary policy aim of a Chapter 7 case, this Court found that it is to assure equitable distribution of the liquidation proceeds to the general unsecured creditors of the Debtor. Thus, the primary policy is to assure equal treatment of all allowed claims in the same class and to prevent creditors from racing to the courthouse steps to get an advantage over other creditors.

In the present instance, the record reveals the following filed unsecured claims.

| Claim No. | Creditor | Amount Claimed |
|---|---|---|
| 1 | STN. Com, Inc. | $ 774,202.71[1] |
| 2 | Adell Broadcasting Corp. | $ 592,934.01[2] |
| 4 | Hyman Lippitt, PC | $ 109,221.36 |
| 9 | Jaguar Credit | $ 41,022.91 |
| 11 | John Richards Homes | $ 6,413,230.68 |
| 12 | STN, Com, Inc. | $ 934,983.12 |
| 13 | Adell Broadcasting Corp. | $ 664,289.42 |
| 15 | Garratt & Bachand, PC | $ 66,753.34 |

Based on the foregoing, the total amount of unsecured claims filed in this case is $8,395,475.59, of this total, the sum of $6,413,230.68 is the judgment claim of JRH. The sum of $175,974.90 represents

1. Claim No. 12 was also filed by STN, Com, Inc. on April 14, 2004. The record does not indicate that this claim amends Claim No. 1. However, the record is clear that the claim of STN, COM, Inc. is in the amount of $934,983.12, as claimed in Claim No. 12.

2. Claim No. 13 was also filed by Adell Broadcasting, Corp. on April 14, 2004. The record does not indicate that this claim amends Claim No. 2. However, the record is clear that the claim of Adell Broadcasting, Corp. is for the sum of $664,289.42, as claimed in Claim No. 13.

the claims of Hyman Lippitt, PC, Claim No. 4, Jaguar Credit, Claim No. 9 and Garratt & Bachand, PC, Claim No. 15. However, the record further reveals the claim of Jaguar Credit, Claim No. 9, has been paid in full. The claims of the insiders, STN.Com, Inc. and Adell Broadcasting Corp., total $1,599,272.54. This Court is satisfied the Debtor will obviously not have any difficulty dealing with the claims of the insiders, and concerning the remaining claims of the unsecured creditors, he will undoubtedly have no problem satisfying their claims as well, considering his income.

According to the report of the Trustee in Chapter 7, the total amount available for distribution is approximately $40,000.00. Of the $40,000.00 available, the total amount of administrative claims filed must be paid in full pursuant to 11 U.S.C. § 507(a), before dividends can be paid to unsecured creditors. The probability the Trustee will be able to generate additional funds in this estate is doubtful. Be that as it may, even if the Trustee is able to generate additional funds, it is unlikely that the funds will be sufficient to pay dividends to the allowed unsecured claims.

Based on the foregoing, this Court is satisfied that the record leaves no doubt that the testimonial evidence coupled with the legal authorities presented to this Court fully supports the Motion to Dismiss pursuant to 11 U.S.C. § 707(a), and there is more than sufficient "cause" to reaffirm this Court's prior ruling on the Order of Dismissal entered on October 4, 2005. This Court is satisfied that for the Debtor to remain in bankruptcy will serve neither of the two policy goals of a Chapter 7 case.

The Debtor, in his Motion also states as an alternative Motion for Stay Pending Reconsideration or Appeal. This Motion was never argued and this Court is satisfied the Motion should not be granted.

Therefore, the Motion should be denied with leave granted to the Debtor to seek a stay in the District Court.

For the reasons set forth, this Court is satisfied that there is nothing stated in the Debtor's Emergency Motion for Reconsideration which would warrant this Court to set aside its Order on Motion to Dismiss (Doc. No. 784) entered on October 4, 2005. Thus, based on the foregoing, the Debtor's Emergency Motion for Reconsideration and Stay Pending Reconsideration or Appeal is denied, and based on the same, and on this Court's prior ruling, the Motion to Dismiss the Chapter 7 case of the Debtor, pursuant to § 707(a) is reaffirmed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order on Motion to Dismiss (Doc. No. 784) be, and the same is hereby, reaffirmed and the Chapter 7 case of the Kevin Adell remains dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Emergency Motion for Reconsideration and Motion for Stay Pending Reconsideration or Appeal (Doc. No. 785) be, and the same is hereby, denied.

DONE AND ORDERED.